## APPEAL OF HORR-WARNER CO.

Docket No. 3246. Submitted June 18, 1925. Decided January 8, 1926.

*Daniel H. Morgan, Esq.*, for the taxpayer.
*Lee I. Park, Esq.*, for the Commissioner.

Before GREEN and MORRIS.

This is an appeal from the determination of a deficiency for the fiscal year ended March 31, 1920, in the sum of $7,223.42. The deficiency arises in part from the refusal of the Commissioner to allow a deduction of $20,000, arising from an infection of certain farm land by onion smut.

### FINDINGS OF FACT.

1. The taxpayer is an Ohio corporation engaged in the business of raising and marketing farm products.

2. The taxpayer operated a farm, consisting of 1,550 acres of land, of which 400 acres were adaptable to the raising of onions. During the taxable year this land became infected with a disease known as " onion smut," which lessened the productivity of the land for raising onions. Since that time the taxpayer has continued the raising of onions upon the land in question and, through the use of a formaldehyde solution, the cost of which is between $5 and $10 per acre, has been able to maintain production at about 75 per cent of the normal crop. The normal yield was from 400 to 500 bushels per acre, which was reduced to 249 bushels per acre after the land became infected.

3. The taxpayer deducted $20,000 in its return for the fiscal year 1920, which was arrived at by taking 25 per cent—the reduction in the productivity of the land—of $320, the alleged value per acre thereof, and multiplying by 250—the number of acres infected. In its petition the taxpayer alleged that the loss was due to " depreciation or obsolescence," but at the hearing urged that " it was a loss not compensated for by insurance or otherwise," under the provisions of section 234 (a) (4) of the Revenue Act of 1918.

### DECISION.

The determination of the Commissioner is approved.

---

## APPEAL OF MAX M. BARKEN DRUG CO.

Docket No. 2961. Submitted October 5, 1925. Decided January 8, 1926.

Certain amounts charged to personal account of president *held* to be distribution of profits.